# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

ROBERT FORNEY                                                                                                PLAINTIFF
REG. #20739-051

V.                                      NO: 2:06CV00095 WRW/HDY

LINDA SANDERS *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

1

>     hearing before the District Judge in the form of an offer of
>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, incarcerated at the Federal Correctional Complex in Forrest City when he began this lawsuit,[1] filed this *pro se* complaint (docket entry #1), pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on April 3, 2006, and filed an amended complaint on April 24, 2006. Plaintiff alleges various violations of his constitutional rights, mostly in connection with the racial balance at the prison and injuries he sustained in an assault on February 20, 2006, along with his alleged inability to initiate the grievance process or access the courts. Plaintiff also seeks compensation for injuries that are compensable under the Federal Tort Claims Act ("FTCA").

On December 21, 2006, Defendants Sanders, Barron, Lloyd, and Doe, filed a motion to dismiss, along with a supporting brief (docket entries #24 & #25), asserting, among other things, that Plaintiff had failed to exhaust his administrative remedies before filing this complaint. Because

---

[1] Plaintiff's current location is unclear. Mail sent to the address on file in the Clerk's office has been returned as undeliverable, with the notation that Plaintiff is no longer incarcerated at the facility in Forrest City (docket entries #11, #19, & #23).

Defendants attached affidavits to their motion, the Court will treat the motion as a motion for summary judgment. After Plaintiff initially failed to respond, he was directed to respond, and granted additional time in which to do so (docket entry #26). Plaintiff still has not filed a response.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### II. Analysis

Defendants have attached two declarations to their brief. The declaration of Josie Wilches indicates that Plaintiff has filed only one administrative tort claim, concerning a personal injury which occurred on February 20, 2006. According to Wilches, that claim was ultimately denied on May 30, 2006. Thus, Plaintiff filed this complaint before he exhausted his administrative remedies with respect to his tort claim, and his complaint should therefore be dismissed without prejudice as

to his FTCA claims.  *See* 28 U.S.C. § 2675(a).

The declaration of An Tran indicates that Plaintiff has not exhausted his administrative remedies with respect to any of the *Bivens* claims he alleged in his complaint.  The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).[2]  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory."  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Because Plaintiff failed to fully exhaust his grievances before he filed his lawsuit, his *Bivens* claims should be dismissed as well.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion to dismiss (docket entry #24) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from the order and the accompanying judgment would not be taken in good faith.

3.  All other pending motions be DENIED AS MOOT.

DATED this __29__ day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions.  *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).